```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

```
DAVID COX,                      )
                                )
     Plaintiff,                 )
                                ) Civil Action No. 07-168-JMH
                                )
v.                              )
                                )
MICHAEL J. ASTRUE, COMMISSIONER )   MEMORANDUM OPINION AND ORDER
OF SOCIAL SECURITY,             )
                                )
     Defendant.                 )
                                )
                                )
```

          \*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court on cross motions for summary judgment [Record Nos. 5 and 6][1] on Plaintiff's appeal of the Commissioner's denial of his application for a period of disability, disability insurance benefits, Supplemental Security Income. The Court, having reviewed the record and being otherwise sufficiently advised, will deny Plaintiff's motion and grant Defendant's motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On April 8, 2003, the claimant filed an application for disability benefits under Section 216(I) and Section 223, of the

---

[1] These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

1

Social Security Act.  On March 17, 2005, Administrative Law Judge (hereinafter, "ALJ"), James B. Kemper, Jr. held a hearing on Plaintiff's application. (Transcript of Record ("TR") 17-30). ALJ Kemper's determination became the Commissioner's final decision when the Appeals Council denied review. (TR 6-9).

At the time of the ALJ's decision, the Plaintiff was 57 years old. (TR 21, 55).  Plaintiff has a high school education and past work experience as a truck driver and heavy equipment operator. (TR 928, 951-52).  On April 28, 2005, the ALJ made the following findings in determining that Plaintiff was not entitled to disability benefits:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The Claimant's anxiety disorder, depressive disorder, somatoform disorder and history of alcohol abuse are considered "severe" based on the requirements in the Regulations.

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the residual functional capacity to lift and carry 50 pounds occasionally and 25 pounds frequently.  He has moderate limitations in his ability to complete a normal workday and workweek without

2

      interruptions from psychologically based symptoms, perform at a consistent pace without an unreasonable number and length of rest periods, and respond appropriately to changes in the work setting. He retains the mental capacity to perform simple, repetitive tasks in a simple, routine setting.

7.  The claimant is unable to perform any of his past relevant work.

8.  The claimant is an "individual of advanced age."

9.  The claimant has a "high school (or high school equivalent) education."

10. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case.

11. The claimant has the residual functional capacity to perform a significant range of medium work.

12. Although the claimant's exertional limitations do not allow him to perform the full range of medium work, using Medical-Vocational Rule 203.15 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform.

13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision.

## II. OVERVIEW OF THE ALJ HEARING

In determining whether a claimant is disabled or not, the ALJ conducts the following five-step analysis:

    1.) Is the individual engaging in substantial gainful activity? If the individual is engaging in substantial gainful activity, the individual is not disabled, regardless of the claimant's medical condition.

    2.) Does the individual have a severe impairment? If not, the individual is not disabled. If so, proceed to step 3.

    3.) Does the individual's impairment(s) meet or equal the

> severity of an impairment listed in appendix 1, subpart P of part 404 of the Social Security Regulations? If so, the individual is disabled. If not, proceed to step 4.
>
> 4.) Does the individual's impairment(s) prevent him or her from doing his or her past relevant work, considering his or her residual functioning capacity? If not, the individual is not disabled. If so, proceed to step 5.
>
> 5.) Does the individual's impairment(s) prevent him or her from performing other work that exists in the national economy, considering his or her residual functioning capacity together with the "vocational factors" of age, education, and work experience? If so, the individual is disabled. If not, the individual is not disabled.

*Heston v. Comm'r of Social Security,* 245 F.3d 528, 530 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health and Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

### III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, *see* 42 U.S.C. §405(g), *Foster v. Halter*, 279

F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion. *See Landsaw v. Sec'y of Health and Human Servs.* 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

## IV. Analysis

Plaintiff argues that the ALJ erred in failing to grant him disability benefits, as the substantial evidence supports a finding that Plaintiff retains no residual functional capacity to engage in any level of work activity. However, a review of ALJ Kemper's decision refutes Plaintiff's argument. The Court finds that the ALJ's decision to deny Plaintiff's request for disability benefits was supported by substantial evidence.

Plaintiff posits three specific arguments to support his contention: (1) that the ALJ at no time explained how he came up with the finding that Plaintiff could do medium level work activity; (2) that the ALJ erred in not granting disability benefits as a result of Plaintiff's anxiety disorder, depressive disorder and somatoform disorder; and (3) that the ALJ erred in not placing any restrictions upon Plaintiff due to his complaints of pain.

Plaintiff argues that the ALJ did not explain how he arrived at the finding that Plaintiff could perform medium level work. Plaintiff claims that it is clear that he has low back problems, yet the ALJ did not explain how someone with Plaintiff's history of problems could lift 50 pounds on an occassional basis and 25 pounds frequently. Despite Plaintiff's argument, the record shows that the ALJ did explain his finding. The ALJ noted that the State Agency's medical experts, P. Saranga, M.D., and James Ross, M.D., reviewed the evidence of record and opined that Plaintiff had no severe physical impairments. (TR 26). The ALJ gave those opinions great weight as he found they were supported by the evidence of the record. (TR 26). Evidence from the Veterans Administration Medical Center ("VAMC") where Plaintiff received his primary treatment reported that Plaintiff's degenerative disc disease had no significant occupational effects. (TR 670). Based upon this evidence, the ALJ found Plaintiff's back pain to be nonsevere. (TR 22). There was substantial evidence to support the ALJ's finding that Plaintiff could perform medium level work.

Next, Plaintiff argues that the ALJ erred in not granting disability benefits as a result of Plaintiff's anxiety disorder, depressive disorder and somatoform disorder. While the ALJ found that these disorders are "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(c) and 416.920(c), he further found that the same did not automatically cause Plaintiff to be totally

6

disabled. There is substantial evidence to support the ALJ's finding that despite Plaintiff's severe disorders, he could work with moderate limitations. (TR 29, Finding No.6). The ALJ found the opinions of the State Agency medical experts to be entitled to great weight "as they are supported by the evidence of record." (TR 26). State Agency medical expert, Jay Athy, Ph.D., opined that "the claimant had moderate limitations in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms, perform at a consistent pace without an unreasonable number and length of rest periods and respond appropriately to changes in the work setting and that opinion was affirmed by E. Ross, Ph.D. (TR 26).

Plaintiff argues that the ALJ ignores the findings of an August 7, 2003 psychological evaluation performed by Dr. Harwell Smith which indicated that Plaintiff was too depressed to work. (TR 394-98). The ALJ did not in fact ignore this finding; however, the ALJ chose to reject the Dr. Smith's opinion for the following reasons: 1.) Dr. Smith was not convinced that the claimant was being truthful during the examination; 2.)Dr. Smith's conclusion was inconsistent with the mental status examination; and 3.)Dr. Smith's conclusion was inconsistent with the treatment records elsewhere in the file. (TR 27). It should be noted that Dr. Smith was only a one-time consultative examiner as opposed to a treating source, therefore, the ALJ need not give more weight to his

opinion. *See* 20 C.F.R. §§ 404.1527(d)(2)(i), 416.927(d)(2)(I). It was not error for the ALJ to chose to reject Dr. Smith's opinion.

As for Plaintiff's anxiety disorder, the record shows that the VAMC treated Plaintiff for his anxiety and indicated that "Plaintiff's anxiety disorder had no significant occupational effects, no effect on daily activities and the condition was well controlled with medication and psychotherapy." (TR 670).

Finally, Plaintiff contends that the ALJ erred in not placing any restrictions on Plaintiff due to his complaints of pain. Specifically, Plaintiff mentions that he has injuries to his back, liver, and kidneys, which are severely painful. The ALJ accepted that Plaintiff has underlying impairments which are established by objective evidence; however, the ALJ declined to accept that such impairments result in the degree of limitation alleged by the Plaintiff. (TR 25). The ALJ found Plaintiff's credibility regarding those allegations to be fair, at best. (TR 26). The ALJ notes that while Plaintiff alleges severe back pain, treatment notes indicate only intermittent complaints of back pain and the objective evidence of record is inconsistent with severe pain. As for Plaintiff's liver and kidneys, while the ALJ noted that the medical records show that Plaintiff has a cyst on his kidney and a hole in his liver, the ALJ found that there is no evidence of significant limitation as a result of these impairments. (TR 23). In ruling on Plaintiff's subjective allegations, the ALJ considered

8

information from Plaintiff's treating and examining medical sources as well as factors such as Plaintiff's daily activities which include doing his own household chores and walking at least a mile each day (TR 26). The ALJ's decision to deny Plaintiff's request for disability benefits was supported by substantial evidence.

## V. CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

(1) That Plaintiff's motion for summary judgment [Record No. 5] be, and the same hereby is, **DENIED;** and

(2) That the Commissioner's motion for summary judgment [Record No. 6] be, and the same hereby is, **GRANTED.**

This the 30th day of January, 2008.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge